# EXHIBIT A

## SETTLEMENT AND RELEASE AGREEMENT

THIS SETTLEMENT AND RELEASE AGREEMENT (hereinafter referred to as the "Agreement") is made and entered into by and between Anthony Preston on behalf of himself, his heirs, executors, administrators, legal representatives and assigns (hereinafter referred to collectively as "Preston"), and Hurricane's Handi Mart and Bait and Tackle, LLC, a Florida limited liability company, its successors in interest and assigns, affiliates, subsidiaries, divisions, departments, wholly-owned corporations or partnerships, business associations, sole proprietorships, and its/their current or former managing members, officers, directors, stockholders, employees, agents, representatives, attorneys, fiduciaries, administrators, or partners, in both their individual and official capacities, (hereinafter collectively referred to as "Hurricane's Handi Mart") and Andrew "Jack" Beasley (a/k/a Andrew Beasley and Jack Beasley)[1] on behalf of himself, his heirs, executors, administrators, legal representatives and assigns (hereinafter referred to as "Beasley"). Throughout this Agreement, Preston, Hurricane's, and Beasley shall collectively be referred to as the "Parties" and may be referred to singularly as "Party."

WHEREAS, Preston was previously employed by Hurricane's Handi Mart;

WHEREAS, on July 20, 2016, Preston filed a lawsuit against Hurricane's Handi Mart, Andrew Beasley and Jack Beasley (collectively, "Defendants') in federal court styled *Anthony Preston v. Hurricane's Handi Mart and Bait and Tackle, LLC, Andrew Beasley and Jack Beasley, Case No. 8:16-cv-2228-T-35MAP* ("*Preston* litigation"). In his lawsuit in the *Preston* litigation, Preston claims that Hurricane's Handi Mart, as a Florida limited liability company, and Andrew "Jack" Beasley, as an individual, violated the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

---

[1] Andrew Beasley and Jack Beasley have been erroneously identified in Plaintiff's Complaint as two separate individuals, when they are, in fact, one person.

(the "FLSA claim"), by not properly paying him overtime compensation for all hours allegedly worked.

**WHEREAS**, Hurricane's Handi Mart and Beasley deny Preston's claims as asserted in the *Preston* litigation; and

WHEREAS, Preston is willing to resolve his asserted claims in the *Preston* litigation in lieu of additional expense, delay and the uncertain outcome of his asserted claims against the Defendants.

**NOW THEREFORE,** in consideration of the promises and mutual covenants herein contained, the sufficiency of which is hereby acknowledged, the Parties hereto agree as follows:

1.      Upon approval by the Court, consistent with the terms and chronology of events as set forth in the Parties' Joint Motion to Approve Settlement and to Dismiss with Prejudice, the Court's approval of this proposed Settlement Agreement and final dismissal of Preston's claims, with prejudice, and in consideration for the promises of the Preston in this litigation as described below, Defendants agree to:

a.      Pay to Preston and his attorney a total of twenty thousand dollars and no cents ($20,000.00) (the "FLSA Settlement Payment"), to be inclusive of all of Preston's attorneys' fees and costs associated with the *Preston* litigation. The FLSA Settlement Payment shall be issued to Richard Celler Legal, P.A. Of this FLSA Settlement Payment, Preston and his attorney have designated that Preston shall receive Seven Thousand Six Hundred Seventy-Five Dollars and Zero Cents ($7,675.00), which shall be allocated to wages subject to payroll withholding ($3,837.50) and liquidated damages not subject to payroll withholding ($3,837.50), and Preston's counsel will be entitled to Twelve Thousand Three Hundred Twenty-Five Dollars and Zero Centers ($12,325.00) for attorney's fees and costs

b.      Pay to Mark Hanley, the Court-appointed mediator, the total of the Plaintiff's portion for the mediator's services on April 20, 2017, in the amount of six hundred and seventy-five dollars ($675.00) with respect to the April 20, 2017 mediation in the *Preston* litigation.

The amounts provided for in this Paragraph 1(a) and (b) (collectively, the "Settlement Proceeds) shall be due and payable within thirty (30) days following the Court's final approval of the Parties'

proposed settlement in the *Preston* litigation and issuance of a final order of dismissal, with prejudice (whichever event last occurs).

In consideration of the provisions, promises, terms and conditions of this Agreement, Preston hereby UNCONDITIONALLY, FULLY AND FINALLY RELEASES AND FOREVER DISCHARGES Hurricane's Handi Mart (as defined broadly above) and Beasley from any and all duties, claims, rights, complaints, charges, damages, costs, expenses, attorneys' fees, debts, demands, actions, obligations, liabilities, and causes of action, of any and every kind, nature, and character whatsoever, whether known or unknown, whether arising out of contract, tort, statute, settlement, equity or otherwise, whether foreseen or unforeseen, whether past, present, or future, whether fixed, liquidated, or contingent, which he has, had, or may in the future claim to have against Hurricane's Handi Mart or Beasley based on any act or omission concerning any matter, cause, or thing arising prior to the date of this Agreement and up to the time of execution of this Agreement, up to and including Preston's claims alleged in the *Preston* litigation (all of the foregoing are hereinafter referred to collectively as the "Released Claims"), other than any claims that cannot be released as a matter of law.  The Released Claims include, but are not limited to, those directly or indirectly arising out of, or in any way pertaining to, claims arising under Title VII of the Civil Rights Act of 1964; 42 U.S.C. §§ 1981, 1983, 1985, 1986; the Older Worker Benefit Protection Act; the Consolidated Omnibus Budget Reconciliation Act; the Employee Retirement Income Security Act; the Americans with Disabilities Act; the Age Discrimination in Employment Act of 1967, as amended; the Sarbanes-Oxley Act; the Florida Civil Rights Act; the Florida Whistleblower Act; the Florida Minimum Wage Act, the Family and Medical Leave Act; the Fair Credit Reporting Act; the United States Constitution; the Florida Constitution; Section 440.205, *Florida Statutes*; Section 448.103, *Florida Statutes*; or any other federal, state or local

law, ordinance, regulation, custom, rule or policy; or any cause of action in common law, including but not limited to actions in contract or tort, including any intentional torts; other claims of statutory violation and/or retaliation; constructive or wrongful discharge; negligence claims; contract claims; constitutional claims; claims for attorneys' fees and costs, and any other claims or causes of action; or any claim based upon or related to any instrument, agreement, or document entered into by or between the Parties.

2.      The allocation of the FLSA Settlement Payment as described in Paragraph 1(a) above between alleged back wages due and Preston's attorney's fees and costs has been calculated exclusively by Preston and his counsel, subject to confirmation from the Court that the designated fees are fair and reasonable. Therefore, whether the Court accepts the allocation between Preston and his counsel shall not affect the validity of this Agreement. Preston agrees to indemnify and hold the Released Parties harmless from any and all liability or claims arising out of the manner in which allocated amounts of the Settlement Proceeds were determined to be due to the Plaintiff in the *Preston* litigation under the terms of this Settlement Agreement.

3.      Preston agrees to indemnify and hold Hurricane's Handi Mart and Beasley harmless from all interest and penalties, if any, imposed by the Internal Revenue Service resulting from the tax treatment of the payments of Settlement Proceeds as provided for in Paragraph 1. Preston further agrees to cooperate fully with Hurricane's Handi Mart in the event of any claim or investigation by any governmental entity or authority regarding the tax treatment of the payments of the agreed Settlement Proceeds.

4.      Other than as stated in Paragraph 1 above and as approved by the Court, the Parties shall bear their own respective costs and attorney's fees in carrying out the terms and conditions of this Settlement Agreement.

5.     The Parties agree that the payment of the Settlement Proceeds as set out in Paragraph 1(a) and (b) above shall constitute all alleged back wages, penalties, interest, and other sums due or allegedly due to Preston, in the *Preston* litigation, under the provisions of the FLSA, and under any other potential claims he may have against one or more of the Release Parties arising under applicable law.

6.     The payments contemplated to be made pursuant to this Settlement Agreement shall constitute full and complete payment for any and all damages of whatever kind Preston in the *Preston* litigation claims to have or may in the future claim to have against Hurricane's Handi Mart or Beasley with regard to any asserted violation or violations of the FLSA arising prior to the effective date of this Settlement Agreement.

7.     Neither this Settlement Agreement, nor any documents executed or prepared, acts done, or orders entered shall be construed as an admission by Hurricane's Handi Mart or Beasley of the validity of any claims asserted in the *Preston* litigation, or of any wrongdoing or of any act or omission, nor construed as an admission of any fault or omission in any statement or document, nor offered or received in evidence in any civil, criminal, or administrative action or proceeding against any party other than such proceedings as may be necessary to consummate or enforce this Settlement Agreement. Defendants enter this Settlement Agreement solely to avoid further litigation costs and to obtain a release and settlement of Preston's claims.

8.     As partial consideration for the agreed Settlement Proceeds described in Paragraph 1 above, Preston hereby agrees not to apply for, solicit, seek or otherwise attempt to obtain future employment with Hurricane's Handi Mart and further agrees that Hurricane's Handi Mart will not, at any time, be under any future obligation to employ or contract with him or consider his

application for employment. Hurricane's Handi Mart further agrees to provide Preston with a neutral reference letter containing Preston's job title and dates of employment.

9.     Preston represents and warrants that he is authorized to enter into and that he has the authority to perform the terms of this Agreement. Preston represents and warrants that he has not sold, assigned, transferred, conveyed or otherwise disposed of all or any portion of the claims released hereunder.

10.     If any provision of this Agreement or the application thereof to any party or circumstances shall be determined to be invalid or unenforceable to any extent, the remainder of this Agreement and the application of such provisions to any other party or circumstances shall not be affected thereby and shall be enforced to the greatest extent permitted by law.

11.     This Agreement shall be construed and governed in accordance with the laws of the State of Florida.

12.     Any action to enforce this Agreement shall be brought in Hillsborough County, Florida, and relief shall include, but not be limited to, specific performance and injunctive relief.

13.     This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument.

14.     This Agreement is binding on each of the Parties and their respective heirs, successors and assigns.

15.     Except as expressly provided herein, the Parties represent and warrant that in executing this Agreement, they do not rely upon and have not relied upon any oral or written representation, promise, warranty or understanding made by any of the Parties or their representatives with regard to the subject matter, basis or effect of this Agreement.

SPDN-868764429-2018874                                    6

16.     The Parties acknowledge that they have participated in the drafting of this Agreement and have had an equal opportunity to participate in the drafting of this Agreement. No ambiguity shall be construed against any party based upon a claim that the party drafted the ambiguous language.

17.     Preston expressly acknowledges that he has been advised to consult an attorney prior to signing this agreement and that Preston has in fact consulted with and has been advised by his attorney, Noah Storch, who has explained all of his options in connection with this Agreement.

18.     This Agreement shall only be effective if approved by the Court in the above-referenced lawsuit. Should the Court not approve this Agreement, this Agreement shall be null and void and no payments set forth herein shall be required.

19.     This Agreement, consisting of eight (9) pages, inclusive of the signature pages, is freely and voluntarily entered into by the Parties. The Parties acknowledge that they have read this Agreement and that they understand the words, terms, conditions and legal significance of this Agreement.

**Through his signature below, Preston acknowledges that he is aware of and agrees with the amount of attorney's fees and costs incurred by, and to be paid to his counsel for the work performed in this matter.**

6/2/17
Date

ANTHONY PRESTON

STATE OF FLORIDA           }
COUNTY OF POLK             }

SWORN AND SUBSCRIBED before me, the undersigned authority, personally appeared ANTHONY PRESTON, ☐ who is personally known to me or ☒ who produced as identification US Passport - 514095353

JENNIFER MULL
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF981819
Expires 4/13/2020

**JARED GONZALEZ**
**Notary Public, State of Florida**
**My Comm. Expires Nov. 8, 2019**
**Commission No. FF 922186**

_____

Seal / Stamp

_____
Notary Public, State of Florida

**HURRICANE'S HANDI MART**


_June 13/7 01 7_

Date

By: _Andrew Jack Beasley_

**ANDREW JACK BEASLEY**


STATE OF FLORIDA          }
COUNTY OF _POLK_          }

SWORN AND SUBSCRIBED before me, the undersigned authority, personally appeared **ANDREW JACK BEASLEY**, of Hurricane's Handi Mart, ☑who is personally known to me or ☐who produced as identification _____.

**JARED GONZALEZ**
**Notary Public, State of Florida**
**My Comm. Expires Nov. 8, 2019**
**Commission No. FF 922186**

_____

Seal / Stamp

_____
Notary Public, State of Florida